IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT-LAUDERDALE DIVISION

| | |
|---|---|
| Marcos Velez, and ) | CIVIL ACTION NO._____ |
| Nerva Garcia, ) | |
| ) | COMPLAINT |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMAND |
| NuGenerex Diagnostic LLC, ) | |
| Generex Biotechnology ) | |
| Corporation, and Joseph Moscato, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW, the Plaintiffs, Marcos Velez ("Velez") and Nerva Garcia ("Garcia") (collectively "Plaintiffs"), by and through their undersigned counsel, and hereby sue Defendants NuGenerex Diagnostic, LLC, Generex Biotechnology Corporation and Joseph Moscato (collectively "Defendants") for unpaid wages and in support thereof alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs bring this action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiffs are also seeking reasonable attorneys' fees and costs.

2. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1337, 1331 and the FLSA.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants transact business in this District; because Defendants' operations are situated in this District; because

most, if not all, of the operational decisions were made in this District; and because Plaintiffs worked for Defendants in this District.

4. At all times material, Plaintiff Velez is director of finance and operations for Defendants and performed related activities for Defendants in, *inter alia*, Broward County, Florida.

5. At all times material, Plaintiff Garcia was laboratory manager and quality control for Defendants and performed related activities for Defendants in, *inter alia*, Broward County, Florida.

6. Defendant NuGenerex Diagnostic, LLC ("NuGenerex") is a Florida limited liability company that operates and conducts business in Broward County, Florida, and is therefore, within the jurisdiction of the Court.

7. Defendant Generex Biotechnology Corporation ("Generex Bio.") is a foreign corporation and the parent company of Defendant NuGenerex. Defendant Generex Bio directs the operations of Defendant NuGenerex in Broward County, Florida, and is therefore, within the jurisdiction of the Court.

8. Defendant Joseph Moscato ("Moscato"), is an individual, *sui juris*, and is an owner and corporate officer of Defendant Generex Bio. Defendant Moscato acts directly and indirectly in the interest of Defendant Generex Bio. and Defendant NuGenerex in Broward County and has the power to direct employees' actions in Broward County, Florida. Defendant Moscato has management responsibilities, degree of control over Defendant Generex Bio. and Defendant NuGenerex's financial affairs and compensation practices, and is in a position to exert substantial authority over corporate policy relating to employee wages and overtime and whether to compensate (or not to compensate) employees at Defendant NuGenerex and Defendant Generex Bio. in accordance with the FLSA, making Defendant Moscato an employer pursuant to

29 USC§ 203(d). Defendant Moscato also has the power to hire and fire Plaintiffs, set Plaintiffs' compensation and work schedule, and maintains Plaintiffs' employment records.

## COVERAGE

9. At all material times relevant to this action, Defendant NuGenerex and Defendant Generex Bio. are enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

10. At all material times relevant to this action, Defendant NuGenerex, Defendant Generex Bio. and Defendant Moscato are employers as defined by 29 USC§ 203(d).

11. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiffs, and may be deemed to share control of the employees, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employers.

12. During all material times, Defendants employed two or more people engaged in commerce, handling or otherwise working on medical materials which have been moved in or produced for commerce outside the state of Florida.

13. During all material times, Defendant NuGenerex and Defendant Generex Bio. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During all times material, Defendants accepted payments from businesses based on credit cards issued by out-of-state banks.

15. During all times material, Defendants routinely ordered materials or supplies from out of state.

16. Plaintiffs were individually engaged in commerce during their employment with Defendants, by working with medical supplies and equipment from out-of-state.

17. Plaintiffs regularly engaged in the process of selling medical supplies and equipment to out-of-state businesses for Defendants.

18. Defendants used U.S. Mail to send and receive correspondence to and from other states.

## Factual Background

19. On or about January 2006, Plaintiff Velez began employment with Hema Diagnostics.

20. On or about April 2, 2012, Plaintiff Garcia began employment with Hema Diagnostics.

21. Hema Diagnostics was then purchased by Defendant Generex Bio. at the end of 2018. Defendant Generex Bio. then changed the name of Hema Diagnostics to Defendant NuGenerex.

22. Plaintiff Velez has not been paid wages for work done for Defendants since January 1, 2019.

23. Plaintiff Garcia has not been paid wages for work done for Defendants since January 1, 2019.

## COUNT I – UNPAID WAGES

## (Fair Labor Standards Act, 29 U .S.C. § 201, et seq)

24. Plaintiff Velez reincorporates and readopts all allegations contained within Paragraphs 1-19, 21-22 above.

25. At all times relevant to this action, Plaintiff Velez is an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203(e).

26. At all times relevant to this action, Defendants are Plaintiff Velez's employer within the meaning of the FLSA 29 U.S.C. §203(d).

27. At all times relevant, Plaintiff Velez is employed by Defendants within the meaning of the FLSA 29 U.S.C. §203(g).

28. At all times material, Plaintiff Velez acted at the direction and control of Defendants as to where he worked, and the hours he worked.

29. Plaintiff Velez was paid a salary of $93,969 in 2018 for working Monday to Friday.

30. Plaintiff Velez has not been paid for work done for Defendants since January 1, 2019 to the present.

31. Plaintiff Velez continues to work Monday to Friday throughout 2019, yet has not been paid by Defendants.

32. As a result of Defendants' intentional, willful and unlawful acts by refusing to pay Plaintiff Velez owed wages, Plaintiff Velez has suffered damages plus incurring reasonable attorneys' fees and costs.

33. Defendants knew or showed reckless disregard for whether the FLSA prohibited its conduct.

34. As a result of Defendants' willful violation of the Fair Labor Standards Act, Plaintiff Velez is entitled to unpaid wages and liquidated damages.

WHEREFORE, Plaintiff Velez demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff Velez of all wages owed under the FLSA;

b) Award to Plaintiff Velez liquidated damages equal to the payment of all wages owed under the FLSA;

c) Award to Plaintiff Velez of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II – UNPAID WAGES

### (Fair Labor Standards Act, 29 U.S.C. § 201, et seq)

35. Plaintiff Garcia reincorporates and readopts all allegations contained within Paragraphs 1-18, 20, 21, and 23 above.

36. At all times relevant to this action, Plaintiff Garcia was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203(e).

37. At all times relevant to this action, Defendants were Plaintiff Garcia's employer within the meaning of the FLSA 29 U.S.C. §203(d).

38. At all times relevant, Plaintiff Garcia was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203(g).

39. At all times material, Plaintiff Garcia acted at the direction and control of Defendants as to where to work, and the hours she worked.

40. Plaintiff Garcia's hourly pay rate was $25/hour and she worked Monday to Friday for Defendants.

41. Plaintiff Garcia has not been paid for work done for Defendants since January 1, 2019.

42. As a result of Defendants' intentional, willful and unlawful acts by refusing to pay Plaintiff Garcia owed wages, Plaintiff Garcia has suffered damages plus incurring reasonable attorneys' fees and costs.

43. Defendants knew or showed reckless disregard for whether the FLSA prohibited its conduct.

44. As a result of Defendants' willful violation of the Fair Labor Standards Act, Plaintiff Garcia is entitled to unpaid wages and liquidated damages.

WHEREFORE, Plaintiff Garcia demands judgment in her favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff Garcia of all wages owed under the FLSA;

b) Award to Plaintiff Garcia liquidated damages equal to the payment of all wages owed under the FLSA;

c) Award to Plaintiff Garcia of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## Demand for Jury Trial

Plaintiffs demand a trial by jury on all issues so triable.

Plaintiffs, Marcos Velez and Nerva Garcia, pray that this Court enter judgment in their favor against Defendants NuGenerex Diagnostic, LLC, Generex Biotechnology Corporation and Joseph Moscato, and award monetary damages and liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

DATED this Tuesday, October 22, 2019.

Respectfully submitted,

/s/ *Nnamdi Jackson*
Nnamdi S. Jackson, Esq.
Fla. Bar No. 99804

**THE LAW OFFICE OF NNAMDI S. JACKSON, P.A.**
2645 Executive Park Drive,
Suite 340
Weston, Florida 33331
Tel: (954) 670-1267
Fax: (954) 385-9814
njackson@nsjlawoffice.com