**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

MARCOS VELEZ and NERVA GARCIA

Plaintiffs, Case No. 0:19-cv-62625-RS

v.

NUGENEREX DIAGNOSTIC LLC,
GENEREX BIOTECHNOLOGY
CORPORATION AND JOSEPH MOSCATO

Defendants.
_______________________________________/

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Defendants, NUGENEREX DIAGNOSTICS, LLC ("NuGenerex"), GENEREX BIOTECHNOLOGY CORPORATION ("Generex"), and JOESPH MOSCATO ("Moscato" and, collectively, "Defendants"), answer the Amended Complaint filed against them by Plaintiffs, MARCOS VELEZ ("Velez") and NERVA GARCIA ("Garcia" and, collectively, "Plaintiffs") as follows:

**Parties, Jurisdiction, and Venue**

1. Defendants admit only Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA") and other common law counts and that Plaintiffs seek attorneys' fees and costs, but deny that Plaintiffs are entitled to any damages whatsoever.

2. Defendants admit that the Court has jurisdiction over Plaintiff's claims.

3. Defendants admit only that venue is proper in this judicial district. Defendants deny the remainder of the allegations of Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations of paragraph 4 of the Amended Complaint.

5. Defendants deny the allegations of paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations of paragraph 6 of the Amended Complaint.

7. Defendants admit only that Generex is a foreign corporation and the parent company of NuGenerex and that this Court has jurisdiction over Generex in this matter. Defendants deny the remainder of the allegations of Paragraph 7 of the Amended Complaint.

8. Defendants admit only that Moscato is the President and CEO of Generex as well as a shareholder. To the extent the allegations in Paragraph 8 contain legal conclusions, no response is required. Defendants deny the remainder of the allegations of Paragraph 8 of the Amended Complaint.

**Coverage**

9. Paragraph 9 of the Amended Complaint contains a legal conclusion to which no response is required.

10. Paragraph 10 of the Amended Complaint contains a legal conclusion to which no response is required.

11. Paragraph 11 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 11 contains factual allegations, Defendants deny the allegations of paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations of paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations of paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations of paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations of paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint contains a legal conclusion to which no response is required.

17. Defendants deny the allegations of paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations of paragraph 18 of the Amended Complaint.

**Factual Background**

19. Defendants admit that Velez first became employed with Hema Diagnostic Systems, LLC ("Hema") in or about January 2006.

20. Defendants admit that Garcia first became employed with Hema in or about April 2012.

21. Defendants admit only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. Defendants deny the remainder of the allegations of Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations of paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations of paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations of paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations of paragraph 25 of the Amended Complaint.

**Count I – Unpaid Wages**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to all Defendants)**

26. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

27. Defendants deny the allegations of paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations of paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations of paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations of paragraph 30 of the Amended Complaint.

31. Defendants admit only that Velez was paid for work done for NuGenerex, formerly Hema, in 2018 and otherwise deny the remainder of the allegations of Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations of paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations of paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations of paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations of paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations of paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations of paragraph 37 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count I of the Amended Complaint.

**Count II – Unjust Enrichment**
**(As to all Defendants)**

38. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

39. Defendants admit that Velez first became employed with Hema in or about January 2006.

40. Defendants admit only that Velez was paid for work done for NuGenerex, formerly Hema, in 2018 and otherwise deny the remainder of the allegations of Paragraph 40 of the Amended Complaint.

41. Defendants admit only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. Defendants deny the remainder of the allegations of Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations of paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations of paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations of paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations of paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations of paragraph 46 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count II of the Amended Complaint.

**Count III – Unpaid Wages**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to Defendant NuGenerex Diagnostic LLC)**

47. Defendant NuGenerex repeats and reallege its responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein. Defendants Generex and Moscato provide no responses to Paragraphs 47-56 as this count is not directed to them.

48. Paragraph 48 of the Amended Complaint contains a legal conclusion to which no response is required.

49. Paragraph 49 of the Amended Complaint contains a legal conclusion to which no response is required.

50. Paragraph 50 of the Amended Complaint contains a legal conclusion to which no response is required.

51. NuGenerex lacks knowledge as to the allegations of Paragraph 51 of the Amended Complaint and therefore denies the allegations of Paragraph 51 of the Amended Complaint.

52. NuGenerex denies the allegations of paragraph 52 of the Amended Complaint.

53. NuGenerex admits that Velez was not paid for this time period, but NuGenerex denies responsibility for such payments.

54. NuGenerex denies the allegations of paragraph 54 of the Amended Complaint.

55. NuGenerex denies the allegations of paragraph 55 of the Amended Complaint.

56. NuGenerex denies the allegations of paragraph 56 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count III of the Amended Complaint.

**Count IV – Unjust Enrichment**
**(As to Defendant NuGenerex Diagnostic LLC)**

57. Defendant NuGenerex repeats and reallege its responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

Defendants Generex and Moscato provide no responses to Paragraphs 57-64 as this count is not directed to them.

58. NuGenerex admits that Velez first became employed with Hema in or about January 2006.

59. NuGenerex admits only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. NuGenerex denies the remainder of the allegations of Paragraph 59 of the Amended Complaint.

60. NuGenerex denies the allegations of paragraph 60 of the Amended Complaint.

61. NuGenerex admits that Velez was not paid for this time period, but NuGenerex denies responsibility for such payments.

62. NuGenerex denies the allegations of paragraph 62 of the Amended Complaint.

63. NuGenerex denies the allegations of paragraph 63 of the Amended Complaint.

64. NuGenerex denies the allegations of paragraph 64 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count IV of the Amended Complaint.

**Count V – Retaliation**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to all Defendants)**

65. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

66. Defendants admit that Velez first became employed with Hema in or about January 2006.

67. Defendants admit only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. Defendants deny the remainder of the allegations of Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations of paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations of paragraph 69 of the Amended Complaint.

70. Paragraph 70 of the Amended Complaint contains a legal conclusion to which no response is required.

71. Defendants deny the allegations of paragraph 71 of the Amended Complaint

72. Defendants deny the allegations of paragraph 72 of the Amended Complaint

73. Defendants deny the allegations of paragraph 73 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count V of the Amended Complaint.

**Count VI – Unpaid Wages**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to all Defendants)**

74. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

75. Defendants deny the allegations of paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations of paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations of paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations of paragraph 78 of the Amended Complaint.

79. Defendants admit only that Garcia's pay rate was $25 per hour. Defendants deny the remainder of the allegations of Paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations of paragraph 80 of the Amended Complaint.

81. Defendants deny the allegations of paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations of paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations of paragraph 83, as well as the relief requested in the "wherefore" clause of Count VI of the Amended Complaint.

**Count VII – Unjust Enrichment**
**(As to all Defendants)**

84. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

85. Defendants admit that Garcia first became employed with Hema in or about April 2012.

86. Defendants deny the allegations of paragraph 86 of the Amended Complaint..

87. Defendants admit only that Garcia's pay rate was $25 per hour. Defendants deny the remainder of the allegations of Paragraph 87 of the Amended Complaint

88. Defendants deny the allegations of paragraph 88 of the Amended Complaint.

89. Defendants deny the allegations of paragraph 89 of the Amended Complaint.

90. Defendants deny the allegations of paragraph 90 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count VII of the Amended Complaint.

**Count VIII – Unpaid Wages**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to Defendant NuGenerex Diagnostic LLC)**

91. Defendant NuGenerex repeats and reallege its responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein. Defendants Generex and Moscato provide no responses to Paragraphs 91-100 as this count is not directed to them.

92. Paragraph 92 of the Amended Complaint contains a legal conclusion to which no response is required.

93. Paragraph 93 of the Amended Complaint contains a legal conclusion to which no response is required.

94. Paragraph 94 of the Amended Complaint contains a legal conclusion to which no response is required.

95. NuGenerex lacks knowledge as to the allegations of Paragraph 95 of the Amended Complaint and therefore denies the allegations of Paragraph 95 of the Amended Complaint.

96. NuGenerex admits only that Garcia's pay rate was $25 per hour during 2017 and denies the remainder of the allegations of Paragraph 96 of the Amended Complaint.

97. NuGenerex admits that Garcia was not paid for this time period, but NuGenerex denies responsibility for such payments.

98. NuGenerex denies the allegations of paragraph 98 of the Amended Complaint.

99. NuGenerex denies the allegations of paragraph 99 of the Amended Complaint.

100. NuGenerex denies the allegations of paragraph 100 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count VIII of the Amended Complaint.

**Count IX – Unjust Enrichment**
**(As to Defendant NuGenerex Diagnostic LLC)**

101. Defendant NuGenerex repeats and reallege its responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein. Defendants Generex and Moscato provide no responses to Paragraphs 101-107 as this count is not directed to them.

102. NuGenerex admits that Garcia first became employed with Hema in or about April 2012.

103. NuGenerex admits only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. NuGenerex denies the remainder of the allegations of Paragraph 103 of the Amended Complaint.

104. NuGenerex admits only that Garcia's pay rate was $25 per hour during 2017 and denies the remainder of the allegations of Paragraph 104 of the Amended Complaint.

105. NuGenerex admits that Garcia was not paid for this time period, but NuGenerex denies responsibility for such payments.

106. NuGenerex denies the allegations of paragraph 106 of the Amended Complaint.

107. NuGenerex denies the allegations of paragraph 107 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count IX of the Amended Complaint.

**Count X – Retaliation**
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq)**
**(As to all Defendants)**

108. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 25 of the Amended Complaint as if fully set forth herein.

109. Defendants admit that Velez first became employed with Hema in or about January 2006.

110. Defendants admit that Garcia first became employed with Hema in or about January 2006.

111. Defendants admit only that Generex acquired the remaining interest in Hema at the end of 2018 and that Hema has been renamed NuGenerex Diagnostics, LLC. Defendants deny the remainder of the allegations of Paragraph 111 of the Amended Complaint.

112. Defendants deny the allegations of paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations of paragraph 113 of the Amended Complaint.

114. Defendants deny the allegations of paragraph 114 of the Amended Complaint.

115. Defendants deny the allegations of paragraph 115 of the Amended Complaint.

116. Defendants deny the allegations of paragraph 116 of the Amended Complaint.

117. Defendants deny the allegations of paragraph 117 of the Amended Complaint.

118. Paragraph 118 of the Amended Complaint contains a legal conclusion to which no response is required.

119. Defendants deny the allegations of paragraph 119 of the Amended Complaint

120. Defendants deny the allegations of paragraph 120 of the Amended Complaint

121. Defendants deny the allegations of paragraph 121 of the Amended Complaint, as well as the relief requested in the "wherefore" clause of Count X of the Amended Complaint.

122. Defendants deny each and every remaining allegation set forth in the Amended Complaint to which a specific admission, denial, or other response is not set forth herein.

## AFFIRMATIVE DEFENSES

1. Velez fails to state a claim for unpaid wages under the FLSA (Count I) against Generex and Moscato because Velez was not employed by either Generex or Moscato.

2. Velez fails to state a claim for retaliation under the FLSA (Count V) against Generex and Moscato because Velez was not employed by either Generex or Moscato.

3. Garcia fails to state a claim for unpaid wages under the FLSA (Count VI) against Generex and Moscato because Garcia was not employed by either Generex or Moscato.

4. Plaintiffs fail to state a claim for retaliation under the FLSA (Count X) against Generex and Moscato because Plaintiffs were not employed by either Generex or Moscato.

5. Velez fails to state a claim for retaliation under the FLSA (Count V) because the action upon which he bases his claim, his purported termination, never occurred.

6. Plaintiffs' claims are barred by the applicable statutes of limitations.

7. Any alleged violations of the FLSA were not willful and, therefore, any claims for damages, wages, or pay are barred to the extent such claims are based on events or allegations that occurred more than two years prior to the date this lawsuit was filed.

8. Plaintiffs' claims must fail because Plaintiffs have been paid at least some of the wages they seek by way of this lawsuit, and Plaintiffs therefore cannot establish that they are owed the total wages claimed.

9. Plaintiffs' claims must fail because Plaintiffs have not worked the hours alleged, and Plaintiffs therefore cannot establish that they are owed the total wages claimed.

10. Plaintiffs' claims must fail because Defendants acted in good faith and had reasonable grounds to believe their actions did not violate the FLSA.

11. Plaintiffs' claims must fail because Plaintiffs agreed to accept stock options, which vest 1/3 each year over three years, as compensation during the relevant time period.

12. Plaintiffs' claims are barred, in whole or in part, because their damages, if any, are the result of their own actions or inactions, or the actions or inactions of third parties.

13. Plaintiffs' claims are barred, in whole or in part, because their damages, if any, were proximately caused by an independent intervening cause.

14. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were at all times treated fairly, reasonably, and lawfully in connection with their employment.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches or estoppel.

18. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver or release.

19. Defendants reserve the right to amend these affirmative defenses to the extent warranted by discovery in this action.

WHEREFORE, Defendants respectfully requests that the Court dismiss the Plaintiffs' Amended Complaint with prejudice, enter judgment in Defendants' favor, award Defendants the costs of this action and expenses, including reasonable attorneys' fees, and award any such other and further relief as the Court deems fair under the circumstances.

DATED: December 23, 2019

Respectfully submitted,

/s/ *Daniel S. Newman*________________

Daniel S. Newman
Florida Bar No.: 962767
Kimberly Freedman
Florida Bar No.: 71826
**NELSON MULLINS BROAD AND CASSEL**
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.373.9400
Facsimile: 305.373.9443
dan.newman@nelsonmullins.com
kimberly.freedman@nelsonmullins.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2019, the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system on the following:

Nnamdi S. Jackson, Esq.
THE LAW OFFICE OF NNAMDI S. JACKSON, P.A.
2645 Executive Park Drive,
Suite 340
Weston, Florida 33331
Tel: (954) 670-1267
Fax: (954) 385-9814
njackson@nsjlawoffice.com

/s/ *Daniel S. Newman*